## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthanesha Brown, | Case No. 18-CV-1789 (SRN/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Lenny Frolor; First Housing LLC; and Danlen Properties LLC, | |
| Defendants. | |

Plaintiff Anthanesha Brown alleges that defendants Lenny Frolor, First Housing LLC, and Danlen Properties LLC have defrauded her in connection with eviction proceedings. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because the Court finds that it lacks subject-matter jurisdiction over these proceedings, it is recommended that this matter be dismissed without prejudice.

The complaint attempts to establish subject-matter jurisdiction by claiming that a federal question is presented through Brown's claims. (Compl. at 3 [Doc. No. 1].) The only causes of action referenced by Brown, however, are (1) failure by defendants to provide disclosures as required under Minn. Stat. § 504B.181, and (2) fraud. Both of these claims arise under *state* law, not federal law. Accordingly, it is difficult to see how a federal question could be presented by this lawsuit.

1

Without such a federal question, the Court lacks jurisdiction over these proceedings.[1] It is therefore recommended that this matter be summarily dismissed without prejudice.[2] Because Brown's lawsuit cannot proceed in federal court, her application to proceed *in forma pauperis* may be denied as moot.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2. Plaintiff Anthanesha Brown's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED AS MOOT**.

Dated: July 2, 2018         s/ *Hildy Bowbeer*
                            Hildy Bowbeer
                            United States Magistrate Judge

---

[1] Brown does not allege that the parties are of diverse citizenship or that more than $75,000 is at issue between the parties. Accordingly, 28 U.S.C. § 1332(a) cannot provide a basis for subject-matter jurisdiction, either.

[2] Even if the Court had subject-matter jurisdiction over this action, dismissal without prejudice would nevertheless be recommended, as Brown's complaint does not state a claim on which relief may be granted. Both the allegations of fraud and statutory violations are entirely conclusory; never does the complaint explain what, exactly, defendants did or failed to do that violated Minnesota law. Brown's allegations do not amount to "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); they fall even further short of the particularity standard required of fraud claims under Rule 9(b).

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).